FILED
UNITED STATES ... COURT
... MEXICO

DEC 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          No. CIV-01-1135 BB/RLP
                            CR-98-63 BB

RAYMOND FARMER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's "Motion for Post Conviction Relief Pursuant to 28 USC § 2255 and Article I, § 9, Clause 2 and Brief" (Doc. #1; CR Doc. #74) filed October 1, 2001. Rule 4(b) Governing Section 2255 Proceedings. Defendant was indicted for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The jury found him guilty on one count, and the Court imposed a 121-month sentence. Defendant's conviction and sentence were affirmed on appeal, and the Supreme Court denied certiorari.

The motion sets out a number of allegations of obstruction of justice, bias, treason, police-state terrorism, and racism by the prosecutors and judges. Defendant claims his conviction raises a variety of issues, including lack of subject matter jurisdiction, conviction by treason, denial of effective assistance of counsel, violation of the doctrine of separation of powers, violation of a number of constitutional Amendments and the *Brady* rule, and whether a "drug sniffing dog is an expert and can discern cow shit from cocaine. . . ." The motion states that a supporting memorandum of law will be filed, though no filings have been made since the original motion. For

relief, Defendant asks that the proceeding be stayed, the Judge resign and surrender to the United Nations Security Forces/U.N. Prosecutor, and Defendant's judgment and sentence be vacated.

The starting point in analyzing Defendant's motion is that "the regulation of intrastate drug activity under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a)(1), implicates interstate commerce and is thus a valid exercise of Congress' power under the Commerce Clause." *United States v. Ingraham*, No. 96-8079, 1997 WL 312144, at **1 (10th Cir. 1997) (citing *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir.1995), *cert. denied*, 117 S.Ct. 136 (1996); *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir.1996) (collecting cases)). The Court clearly had subject matter jurisdiction of this criminal proceeding and was authorized to convict and sentence Defendant. The remainder of the claims are, at best, conclusory and without factual basis; at worst, they are " 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536 (1974); *see also Bell v. Hood*, 327 U.S. 678, 682-683 (1946). The motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's "Motion for Post Conviction Relief Pursuant to 28 USC § 2255 and Article I, § 9, Clause 2 and Brief" (Doc. #1; CR Doc. #74) filed October 1, 2001, is DISMISSED with prejudice, and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE